HARRIS, Presiding Judge.
This is an appeal from the denial of a petition for writ of habeas corpus in the Circuit Court of Jefferson County, Alabama.
The facts in this case are basically undisputed. Appellant was jailed on October 21, 1980, for the violation of two municipal ordinances. Her total sentence was 450 days. On February 26, 1981, appellant was released from jail by an order of the Birmingham Municipal Parole Board. On October 26, 1981, appellant was again incarcerated for parole violation consisting of several new municipal court convictions. It was stipulated that appellant would have served the full 450 days by the time of the habeas corpus hearing sentence if she had not been paroled.
Appellant contends in her writ that the state statutes authorizing municipal parole were not properly followed in granting or in revoking appellant’s parole. Because of this appellant contends the writ should have been granted.
The relevant portions of the Municipal Parole Board’s article are as follows:
“§ 15-22-72. Authority and duties; actions in writing.
“The board may remit fines and such costs as are payable to the city, and commute any sentence imposed by the municipal court or any court to which an appeal is taken, may grant paroles and work and educational releases, prescribe the terms upon which persons are paroled or released and may provide for the supervision of persons released on parole. Any period of parole may exceed the length of *330 sentence but shall in no event exceed two years. Failure of any parolee to observe the conditions of his parole as prescribed by the board shall be sufficient cause for the board to revoke such parole.
“The board’s actions shall be in writing and shall be available to the governing body of such city and the mayor or other chief executive officer thereof. (Emphasis added.)
“§ 15-22-73. Appointment of parole officers; duties and powers; reports, records, etc., privileged.
“Parole officers may be appointed to investigate all cases referred by the board to such officers and shall furnish to each parolee under his supervision a written statement of the conditions of his parole, instruct each parolee regarding the same. “§ 15-22-76. Discharge; arrest for violation of parole, with or without warrant; brought before parole officer; hearing; serving sentence upon revocation.
“Upon the expiration of the period of parole the parolee shall be discharged. At any time during the period of parole the parolee may be arrested for the violation of any condition of his parole, and after a hearing by the board his parole shall be subject to revocation. Any parole officer, police officer or other law enforcement officer may arrest a parolee with or without a warrant for the violation of any condition of his parole. In case of an arrest without a warrant, the arresting officer shall have a written statement by a parole officer setting forth that parolee has, in the judgment of the parole officer, violated the conditions of his parole. Such statement shall be sufficient warrant for the detention of said parolee until he can be brought before a parole officer. Such parole officer, after advising said parolee in writing of the charged violation and hearing any evidence or explanation offered by parolee in his defense shall, if not satisfied from the evidence or explanation of the parolee, forthwith submit to the board a written report of such violation. Upon receipt of such report the board shall set a hearing date to determine if such parole shall be revoked. The parolee at such hearing may be represented by counsel and present evidence in his defense. In the event such parole is revoked, the board shall prepare a written opinion stating the evidence relied upon and the reason for such revocation. The parolee, upon such revocation, shall serve his sentence as though no parole had been granted him, notwithstanding his sentence would have ended but for the suspension thereof by parole. (Acts 1979, No. 79-674, p. 1189, § 7.) (Emphasis added.)
There is no question that the Board did not properly follow the requirements of the legislature as stated in these sections. Little of the Board’s actions were in writing, and what was in writing was almost unintelligible.
As to the Board’s actions granting parole, the only written document of the Board’s actions is the parole order which reads:
“Probation approved for 18 months. To maintain gainful employment and to pay fines. Any due charges of the above conditions is grounds for ratification.”
The legislature did not grant the Municipal Board authority to grant probation, only parole. The Board had no authority to do what it purported in writing to do.
Further, the order is confusing to the point of being unintelligible, and it failed to fully specify the conditions of parole. Also, appellee admits in his brief that the requirement of § 15-22-73 that the parole officer shall furnish the parolee a written statement of the conditions of parole was not done.
Not only were the requirements of the article ignored in granting parole, the Board did not properly revoke appellant’s parole. The record indicates that there was a Board hearing in which appellant’s parole was revoked, but there was no written opinion or findings as required by § 15-22-76, Code 1975.
*331 We hold that the municipal parole board has a duty to carefully follow the procedures mandated by the State Legislature. We believe this is especially true in light of the added penalty in this article that, unlike the state parole statute, suspends the running of a sentence while a parolee is on parole, even if the sentence would have ended but for the suspension while on parole. § 15-22-76; § 15-22-32.
It appears that prior to the purported revocation of the parole in this case, petitioner had already served 23 days in excess of the sentence imposed, which thereby divested the Board of jurisdiction over her or control of her conduct. It results therefore that the learned trial judge erred in denying the writ prayed for.
The judgment appealed from is therefore reversed, set aside and held for naught and judgment is here rendered, ordering and directing the release and discharge of appellant from custody.
REVERSED AND RENDERED.
All the Judges concur.